TROSCHANSKY, by guardian *ad litem*, Appellant, vs. THE MIL-
WAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respond-
ent.

*May 2 — May 21, 1901.*

*Negligence: Limitations of actions: Notice of injury: Pleading.*

The limitation of time within which the notice of injury required by
sec. 4222, Stats. 1898, must be served, is not a limitation upon the
time within which the action must be commenced, but upon the
time within which a certain prescribed act, necessary to the en-
forcement of the cause of action, shall be done; hence a demurrer
on the ground that the action was not commenced within the time
limited by law cannot be sustained, although it appears from the
complaint that the notice given under sec. 4222 was not served
until more than one year after the cause of action arose.

APPEAL from an order of the superior court of Milwaukee
county: ORREN T. WILLIAMS, Judge. *Reversed.*

Action for personal injuries. The complaint sets out the
facts, which, if proven, indicate that the defendant is liable
for injuries sustained by plaintiff from being violently thrown
from a street car on April 12, 1898. It further appears that
he was a minor; that on May 7, 1900, a guardian *ad litem*
was appointed; and that on May 9, 1900, a notice was served
on defendant, presumably in compliance with the require-
ments of ch. 304, Laws 1897, now included in sec. 4222, Stats.
1898. No question is raised as to the sufficiency of the facts
stated in the complaint to show a cause of action against the
defendant. A demurrer to the complaint was interposed
"on the ground that it appears on the face thereof that the
action was not commenced within the time limited by law,
for the reason that it appears that no complaint or notice of
injury was served upon the defendant within one year after
the happening of the event upon which said action is founded,
as required by section 4222, R. S. Wis." The demurrer
was sustained, and the plaintiff has taken this appeal.

Troschansky vs. The Milwaukee Electric Railway & Light Co.

For the appellant there was a brief signed by *Chas. G. Woolcock*, attorney, and *A. B. May*, of counsel, and oral argument by *Mr. Woolcock*.

For the respondent there was a brief by *Spooner, Rosecrantz & Spooner*, and oral argument by *C. M. Rosecrantz*.

BARDEEN, J.   The demurrer in this action is based upon subd. 7, sec. 2649, Stats. 1898, which provides that a defendant may demur to the complaint when it shall appear upon the face thereof " that the action was not commenced within the time limited by law." In the case of *Meisenheimer v. Kellogg*, 106 Wis. 30, this court expressed doubt whether an objection that the notice required by sec. 4222 had not been given could be taken by demurrer. Further consideration convinces us that the doubt thus expressed is of such substantial character that it cannot be removed. We have said in several cases that the notice required by the statute was not a condition precedent to the cause of action, but was in the nature of a statute of limitation. *Meisenheimer v. Kellogg, supra; Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301; *Malloy v. C. & N. W. R. Co.* 109 Wis. 29. The statute does not assume to limit the *time* in which the action is to be commenced. Properly construed, it means that, although a party may have a cause of action, he shall not be permitted to enforce it unless within one year from the happening of the event upon which it is based he shall give the other party a certain prescribed notice. Giving that notice, he may commence his action within the time limited by law. *Malloy v. C. & N. W. R. Co., supra.* The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done. If this is not performed within the time so limited, he loses his right to proceed. His cause of action is gone. The statute giving the right to demur in direct terms applies

only to the time within which the action is to be commenced. It cannot be construed to cover an act deemed essential to a right of recovery, but which has no necessary relation to the time within which the action is to be commenced. The demurrer herein is based upon the facts appearing in the complaint that the notice given was not served or given until more than one year after the cause of action arose. This fact has no necessary connection with the time the action was commenced; hence a demurrer based upon that ground alone must fail.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings according to law.