Gerke, Appellant, vs. Johnson and others, Respondents.

*February 7—March 6, 1951.*

For the appellant there was a brief by *Conway & Conway* of Baraboo, attorneys, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee of counsel, and oral argument by *Walter D. Corrigan, Sr.,* and *Vaughn S. Conway.*

For the respondents there was a brief by *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *Walter M. Bjork.*

BROWN, J. Upon demurrer all the allegations of the complaint are considered true. Plaintiff alleges that because of fraudulent representations he signed a release not knowing it to be one but he has not connected that act with any loss which has accrued to him. He submits that the complaint is an adaptation, so far as the facts permit, of one which this court sustained in *Krestich v. Stefanez* (1943), 243 Wis. 1, 9 N. W. (2d) 130. We have examined that complaint and find that an action in deceit was brought more than two years after the date of the original tort. The complaint stated that a surgeon had left needles in plaintiff's abdomen after an operation and when from time to time she inquired why her convalescence was delayed he falsely stated that there was no foreign substance in her body and by repeated false representations deterred her from seeking other medical advice for ten years. At the end of that time she had an operation by another doctor who found and removed the needles and she regained her health. Then, quoting the complaint:

"9. . . . Had said false representations not been made in 1931, and said false concealment thereafter not been indulged, she would have promptly secured medical and surgical assistance of skill and efficiency and honor and she would have advised those employed of the said conversations about said articles being lost and found at the time of the operation, and a prompt discovery would have been made of the true facts, as was the case when in fact discovery was made, and her

health would have been restored, as it was in fact immediately after discovery was made."

Thus it appears that the surgeon made false statements of fact which induced the patient to forego a corrective operation and prolonged her pain and disability. In the instant case there are no comparable allegations. The complaint tells us that the false representations persuaded the injured person to sign a release, but it does not say that thereby he was prevented from serving notice of his claim or was delayed in bringing action on account of his injuries until the time had run when he could no longer do so. We appreciate that it would be difficult to make such allegations immediately after pleading that he signed not believing it was a release and that he was told and did believe that it did not impair his right to sue; nevertheless, there must be alleged a causal connection between the act, or failure to act, which was induced by the false statements and the damage which plaintiff says he sustained. In *Krestich v. Stefanez, supra,* the resulting damage was alleged to be a longer term of suffering and disability. In the instant case the damage, if any, would be in the loss of plaintiff's right to sue for his personal injuries. That right was lost by his failure to give notice or begin his action for more than two years. It is not alleged that the representations or the release caused him so to delay. The vital connection between his act or failure to act and the loss has not been pleaded and without it the complaint does not state a cause of action in deceit.

Concerning the amendment which asked for rescission of the release, that can do the plaintiff no good on these pleadings. Rescission could only deprive defendants of the use of the release to defeat the personal-injury claim, a defense which is immaterial since the statute of limitations already bars that action.

*By the Court.*—Order affirmed.