Wilkie, J.
 

 Three issues are presented on this appeal:
 

 1. Is the notice requirement in sec. 81.15, Stats., a condition precedent to the right to maintain an action, or is it a statute of limitation ?
 

 2. Is the notice requirement in sec. 81.15 applicable to a minor ?
 

 
 *510
 
 3. If the notice requirement in sec. 81.15 applies to a minor, is it constitutional ?
 

 Giving of Notice is Condition Precedent.
 

 As pertinent here, sec. 81.15, Stats., states:
 

 “. . . No such action shall be maintained unless within 120 days after the happening of the event causing such damages, notice in writing signed by the party, his agent of attorney shall be given to the county clerk of the county, a supervisor of the town, one of the trustees of the village or mayor or city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such county, town, city or village. . . .”
 
 [1]
 

 We have held that the notice requirement in sec. 81.15, Stats., is a condition precedent to the maintenance of a cause of action.
 
 [2]
 
 Also, the Wisconsin court has held that the notice-of-injury requirement in the old sec. 330.19 (5), Stats. 1955, was a condition precedent and not a statute of limitation.
 
 [3]
 
 The pertinent section of that statute stated:
 

 “No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writ
 
 *511
 
 ing, signed by the party . . . shall be served upon the person or corporation by whom it is claimed such damage was caused, . . .”
 

 In
 
 Hoffmann v. Milwaukee E. R. & L. Co.
 

 [4]
 

 the court had to decide whether the following statute was a statute of limitation:
 

 “ ‘No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing, . . . shall be served upon the person or corporation by whom it is claimed such damage was caused, . . .’ ”
 

 The Wisconsin court stated that the above statute was not a statute of limitation and on page 80 quoted with approval the test used in
 
 Troschansky v. Milwaukee E. R. & L. Co.
 

 [5]
 

 to determine whether a statute is a statute of limitation:
 

 “ ‘The statute does not assume to limit the time in which the action is to be commenced. . . . The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done. If this is not performed within the time so limited, he loses his right to proceed.’ ”
 

 All of these holdings are consistent with the general rule as to when giving notice is regarded as a condition precedent rather than a statute of limitation, which rule is stated as follows:
 

 
 *512
 
 “Notice by one party to another is frequently a condition precedent to the right to bring an action. Such notice may be required by express statutory enactment. . . . Whenever a statute provides that no suit shall be brought unless notice of the injury is given to the person responsible for it, the giving of such notice is a condition precedent to the plaintiff’s right to recover.”
 
 [6]
 

 The appellant argues that the notice requirement present in sec. 81.15 is a statute of limitation because of our recent decision in
 
 Holytz v. Milwaukee.
 

 [7]
 

 Holytz
 
 did not change the effect of the
 
 notice
 
 requirement in sec. 81.15, Stats. Prior to that case, it was a condition precedent to recovery; since
 
 Holytz,
 
 it still is a condition precedent to recoverjc A person has a cause of action against the city
 
 provided
 
 (or on condition that) he gives notice within the prescribed time. The notice requirement is not a limitation upon the time of commencement of the action. It is a condition precedent upon the right to bring an action against the city.
 

 Required Notice Applies to Minors.
 

 The Wisconsin court has applied the present notice requirement in sec. 81.15, Stats., to minors,
 
 [8]
 
 and this seems to be the majority position among the courts in the nation.
 
 [9]
 

 
 *513
 
 The purpose of the notice requirement in sec. 81.15, Stats., is to protect the municipality from the expense of needless litigation by settling just claims without suit and to allow the city an opportunity for investigation of the claims filed.
 
 [10]
 
 The exemption of minors from compliance with the notice requirement of sec. 81.15 would defeat the purpose of this requirement. Under sec. 990.01 (20), Stats., a minor is considered to be any person who has not attained the age of twenty-one years. Therefore, the minor in our case would have over fourteen years in which to bring an action against the city. With such a delay the city could not conduct a proper investigation and as a result it could not fairly decide whether the claim was just or adequately prepare its defense.
 

 When Applied to Minors, Notice Requirement is Constitutional.
 

 If no exception for minors can be read into the notice requirement of sec. 81.15, Stats., appellant contends that the section is unconstitutional because it violates the due-process clause of the Fourteenth amendment, U. S. Const., and sec. 9, art. I, Wis. Const.
 
 [11]
 

 
 *514
 
 In
 
 Hoffmann v. Milwaukee E. R. & L. Co.
 

 [12]
 

 the court applied the notice requirement present in a statute to a nineteen-year-old minor, and held that the statute was not unconstitutional because the one-year notice requirement was not unreasonable or obnoxious to any constitutional provision. The test applied by the court was stated on page 82:
 

 “It is further contended that if the statute requiring notice within one year applies to persons under twenty-one years of age, it is unconstitutional and void as repugnant to the first section of the fourteenth amendment to the constitution of the United States, and sec. 9 of art. I of the constitution of the state of Wisconsin. But it is sufficient to say, in reply to this contention, that the legislature has the right to impose conditions and pass limitation statutes running against minors as well as adults, and the question for consideration is whether a reasonable length of time be given after the right accrues within which to enforce it.”
 

 In
 
 Will v. Jessen
 

 [13]
 
 the court was asked to decide whether the notice requirement present in sec. 330.19 (5), Stats. 1955, applied to a five-year-old minor and whether it was constitutional if it applied to the minor. The court did not answer these questions but stated on page 501:
 

 “While the applicability of the statute to a nineteen-year-old minor, and its constitutionality as so applied, was sustained by this court in
 
 Hoffmann v. Milwaukee Electric R. & L. Co.
 
 127 Wis. 76, 106 N. W. 808, decided in 1906, we are urged to limit that decision to cases where the minor is old enough to act for himself in fact if not in law. The
 
 *515
 
 questions thus raised are serious and important, but we do not decide them on the present record.”
 

 Two conflicting policies are present here. A city which faces a claim of liability is entitled to notice within a reasonable period of time both as to the way in which the accident happened and the nature and extent of the injuries. On the other hand a child of such tender years as here is limited in her capability of giving such notice. The legislature has the right to resolve this conflict in policies and to impose conditions on the individual’s right to recovery and these conditions will be upheld unless they are unreasonable. A condition is unreasonable when compliance with it is almost impossible and in essence the individual is given no right of recovery.
 

 The one-hundred-twenty-day notice requirement is not unreasonable or unjust if the purpose of this requirement is taken into consideration.
 
 [14]
 
 In some situations a minor may not be able to act for himself but his parent or guardian can act for him and preserve his right of recovery. It is not impossible to comply with this notice requirement.
 

 By the Court.
 
 — Judgment affirmed.
 

 [1]
 

 Sec. 81.15, Stats., as amended by ch. 435, Laws of 1963.
 

 [2]
 

 Hogan v. Beloit
 
 (1921), 175 Wis. 199, 184 N. W. 687;
 
 Calvert v. Appleton
 
 (1928), 196 Wis. 235, 219 N. W. 102. In
 
 Lang v. Cumberland
 
 (1962), 18 Wis. (2d) 157, 118 N. W. (2d) 114, the court refers to sec. 81.15, Stats., as a notice-of-injury statute and treats it as a notice-of-injury statute, which places a condition precedent upon the
 
 right
 
 to recover; see also 1941 Wisconsin Law Review, 540, 564.
 

 [3]
 

 Martin v. Lindner
 
 (1950), 258 Wis. 29, 44 N. W. (2d) 558. In
 
 Gerke v. Johnson
 
 (1951), 258 Wis. 583, 46 N. W. (2d) 829, this court referred to the notice requirement present in sec. 330.19 (5), Stats. 1955, as a statute of limitation, but in
 
 Joosten v. Robinson
 
 (1960), 9 Wis. (2d) 1, 100 N. W. (2d) 327, this court again dealt with the notice requirement set down in sec. 330.19 (5), and stated
 
 *511
 
 on page 6: “In the
 
 Gerke Case
 
 we inadvertently referred to the two-year-notice statute in personal-injury cases as a 'statute of limitations.’ It should have been referred to as a ‘condition precedent.’ ” See also:
 
 Voss v. Tittel
 
 (1935), 219 Wis. 175, 262 N. W. 579;
 
 Reistad v. Manz
 
 (1960), 11 Wis. (2d) 155, 105 N. W. (2d) 324.
 

 [4]
 

 (1906), 127 Wis. 76, 79, 106 N. W. 808.
 

 [5]
 

 (1901), 110 Wis. 570, 571, 86 N. W. 156.
 

 [6]
 

 1 Am. Jur. (2d), Actions, p. 610, sec. 81.
 

 [7]
 

 (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618.
 

 [8]
 

 See
 
 Skiris v. Port Washington
 
 (1936), 223 Wis. 51, 269 N. W. 556;
 
 Reed v. Madison
 
 (1892), 83 Wis. 171, 53 N. W. 547;
 
 McKeague v. Green Bay
 
 (1900), 106 Wis. 577, 82 N. W. 708;
 
 Hoffmann v. Milwaukee E. R. & L. Co.,
 
 supra, footnote 4. In
 
 Lang v. Cumberland, supra,
 
 footnote 2, the court implied that the notice requirement of sec. 81.15, Stats., applied to a minor because it held the child’s father had given timely notice under sec. 81.15, thereby estopping the city from denying notice.
 

 [9]
 

 Lang v. Cumberland, supra,
 
 footnote 2; 34 A. L. R. (2d) 725; 18 McQuillin, Mun. Corp. (3d. ed.), p. 577, sec. 53.159; 27 Am. Jur., Infants, p. 856, sec. 137.
 

 [10]
 

 18 McQuillin, Mun. Corp. (3d ed.), p. 556, sec. 53.153;
 
 Benson v. Madison
 
 (1898), 101 Wis. 312,
 
 77
 
 N. W. 161;
 
 Lang v. Cumberland, supra,
 
 footnote 2. In
 
 Manas v. Hammond
 
 (1934), 216 Wis. 285, 257 N. W. 139, the court stated on page 288 the function of the notice requirement in the old sec. 330.19 (5), Stats.: “In reaching their decisions the courts have kept in mind the purpose of the notice requirement, to afford one charged with responsibility for an injury an opportunity to investigate the circumstances and preserve evidence for his defense before they are defeated by the intervention of time.”
 

 [11]
 

 “. . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” Fourteenth amendment, U. S. Const.
 

 
 *514
 
 “Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.” Sec. 9, art. I, Wis. Const.
 

 [12]
 

 Supra,
 
 footnote 4.
 

 [13]
 

 (1956), 273 Wis. 495, 78 N. W. (2d) 905.
 

 [14]
 

 The statute prior to
 
 Holytz
 
 required that the notice be given within 30 days. The 1963 amendment increased the period to 120 days. In
 
 Hughes v. Fond du Lac
 
 (1889), 73 Wis. 380, 41 N. W. 407, the court held that a five-day notice-of-injury requirement was unreasonable. On page 382, the court stated: “The time fixed is unreasonably short, and in many cases could not be complied with. The injured person might be unconscious, or so seriously hurt that he could not state ‘the place where, and the time when, such injury was received, and the nature of the same,’ within that period; so that the remedy given is coupled with an impossible condition. Such a provision is unreasonable and unjust, ... It is an arbitrary and unreasonable provision, which professes to give a remedy for an injury, but annexes to it a condition which in many cases cannot be complied with because the time fixed for serving the notice is so short.”