Belinda SNOPEK and Russell Snopek, Plaintiff-Respondent,

v.

LAKELAND MEDICAL CENTER, Defendant-Appellant.†

Court of Appeals

*No. 96–3645. Submitted on briefs October 24, 1997.—Decided December 3, 1997.*

(Also reported in 573 N.W.2d 213.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lori Gendelman* and *Jeffrey J.P. Conta* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Richard J. Steinberg* of *Steinberg Law Offices, S.C.* of Brookfield.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. Wisconsin law is that whenever a claim is being made against governmental bodies or its officers, agents or employees, no civil action may be commenced unless the claimant first gives notice of the claim to the government and satisfies the statutory conditions contained in § 893.80, STATS. This includes a medical malpractice claim brought against a governmental agency, which is governed by § 893.80(1m). A prior statute required that a malpractice claim had to be made "[w]ithin 120 days after the happening of the event giving rise to the claim . . . ." Section 895.43(1)(a), STATS., 1977. But the present statute mandates that the claim be made within 180 days "after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered . . . ." Section 893.80(1m).

Lakeland Medical Center is upset that due to this legislative change, it has to defend against an allegation, the circumstances of which occurred during emergency room treatment for injuries sustained in an automobile accident on June 20, 1979. Lakeland's primary claim, distilled to its essence, is that the new discovery-laden notice statute is not retroactive to malpractice occurring before the effective date of the statute. Rather, the law at the time of the alleged

541

injury controls. Lakeland contends that because the plaintiffs in this case failed to comply with the notice of claim statute in existence at the time of the injury, they are now time barred from bringing this action. We hold, however, that the notice statute is a procedural rule, not a substantive one, and therefore should be given retroactive application. We affirm.[1]

In 1979, Belinda Snopek was involved in a car accident and admitted to Lakeland's emergency room. Lakeland treated her for injuries and she was subsequently released.

Since the car accident, however, Snopek reported recurrent knee problems. In February 1995, she had knee surgery to remedy this problem, and the doctors discovered a small piece of hard plastic in the knee. A physician told Snopek and her husband that, in his opinion, the piece of plastic lodged in her knee during the 1979 car accident, causing the recurrent pain and swelling in her knee. The Snopeks brought a malpractice suit against Lakeland in December 1995, alleging that it was negligent in not detecting and removing the piece of plastic when it treated her in 1979.

At the time it treated Snopek, Lakeland was a governmental agency owned and operated by

---

[1] Lakeland also claims that "the trial court committed harmful error when it decided, as a matter of law, the genuine issue of material fact as to when the [Snopeks] discovered, or in the exercise of reasonable diligence should have discovered, the injury." Our review of the record, however, does not reveal any express finding of fact by the trial court fixing a date on which the Snopeks discovered, or in the exercise of reasonable diligence should have discovered, their injury. Lakeland, therefore, is free to pursue this issue in a subsequent action if it desires.

Walworth county; therefore, the Snopeks were required to give Lakeland notice of claim prior to commencing suit. At the time of Belinda's injury in 1979, the applicable notice of claim statute was § 895.43(1)(a), STATS., 1977,[2] under which the Snopeks had to give Lakeland notice of claim within 120 days of the injury in 1979 in order to preserve their right to maintain suit.

However, in 1986, the legislature enacted the current notice of claim statute, § 893.80(1m), STATS., which substantially revised the notice of claim procedures with respect to medical malpractice claims.[3] Under § 893.80(1m), as long as the Snopeks gave Lakeland notice of their claim within 180 days after they discovered the injury or the date upon which, in the exercise of reasonable diligence, the injury should have been discovered they preserved their right to bring suit. The Snopeks, however, failed to give Lakeland any notice of claim prior to commencing suit.

Lakeland brought a motion for summary judgment, claiming that because the Snopeks failed to give it written notice of claim within 120 days of the injury as required under § 895.43(1)(a), STATS., 1977, the claim was time barred and should be dismissed

---

[2] Section 895.43(1)(a), STATS., 1977, provides that no action may be brought against a governmental agency unless "[w]ithin 120 days after the happening of the event giving rise to the claim, written notice . . . is served on the [governmental agency] under s. 801.11."

[3] Section 893.80(1m), STATS., states that:

> With regard to a claim to recover damages for medical malpractice, the time period [to give notice] under sub. (1)(a) shall be 180 days after the discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered, rather than 120 days after the happening of the event giving rise to the claim.

with prejudice. The trial court granted Lakeland's summary judgment motion. However, it dismissed the Snopeks' claim only because no notice of claim had been filed by the Snopeks. It rejected Lakeland's argument that the old statute applied. Rather, the trial court concluded that the current notice of claim statute, § 893.80(1m), STATS., was retroactive and applied to the Snopeks' malpractice claim; therefore, the court was of the opinion that after summary judgment granting a dismissal without prejudice, the Snopeks would still have 180 days following discovery of their injury, or the date on which in the exercise of reasonable diligence they should have discovered their injury, to comply with the notice of claim statute. Lakeland appeals this ruling.

Preliminarily, we must decide an issue not raised. This is the question of whether Lakeland has standing to appeal the trial court's granting of its summary judgment motion. Although neither party raised this issue, this court, sua sponte, has the duty to raise and determine the issue of whether it has jurisdiction to hear and determine an appeal or review. *See Taylor v. State,* 59 Wis. 2d 134, 137, 207 N.W.2d 651, 652 (1973). We came upon this issue after reading the very recent decision from our supreme court in *State v. Castillo,* 213 Wis. 2d 488, 570 N.W.2d 44 (1997).

The right to appeal is limited to those parties aggrieved in some appreciable manner by a final judgment or order. *See Koller v. Liberty Mut. Ins. Co.,* 190 Wis. 2d 263, 266, 526 N.W.2d 799, 800 (Ct. App. 1994). Parties are aggrieved if the final judgment or order bears directly or injuriously upon their interests; the party must be adversely affected by the judgment

or order in some appreciable manner. *See Tierney v. Lacenski,* 114 Wis. 2d 298, 302, 338 N.W.2d 522, 524 ( Ct. App. 1983).

The issue, then, is whether Lakeland was aggrieved by an adverse judgment when it received what it asked for—summary judgment. In *Castillo,* the supreme court addressed the issue of whether a party could be adversely affected by a favorable decision even though it was not the primary result sought. There, Castillo petitioned for supreme court review of a court of appeals decision to remand and vacate his plea agreement with the State. *See Castillo,* 213 Wis. 2d at 489, 570 N.W.2d at 44–45. He argued that although the decision was favorable to the extent that it accepted his alternative argument to vacate and remand the agreement, the outcome was adverse because his two primary (and more desirable) forms of relief—dismissal or specific performance of the agreement—were not addressed. *See id.* at 491, 570 N.W.2d at 45.

The supreme court originally accepted the petition to review but later dismissed the appeal on grounds that the petition had been improvidently granted. The supreme court held that because the court of appeals decision to vacate and remand was consistent with Castillo's alternative request for relief, the mandate, or outcome, was favorable to him. *See id.* at 492, 570 N.W.2d at 46. Further, the court noted that Castillo did not receive an adverse decision regarding his two primary forms of relief—specific performance or dismissal—because the court of appeals made *no decision* on those issues. *See id.* This was because the court of appeals decision to vacate and remand resolved the case and it was therefore unnecessary for

the court of appeals to address the two remaining claims. *See id.*

After considering whether the *Castillo* holding affects this case, we decide it to be inapplicable here because unlike Castillo—who asked for relief in the alternative—Lakeland only asked the trial court for one form of relief: dismissal of the Snopeks' malpractice claim with prejudice because of a failure to give notice within 120 days of the injury under § 895.43(1)(a), STATS., 1977. Lakeland did not receive the relief requested. The trial court rejected its claim, found that § 893.80(1m), STATS., was retroactive and dismissed the suit without prejudice. Further, not only was the result wholly inconsistent with the sole form of relief Lakeland requested, it was also wholly unfavorable to Lakeland. Castillo did not receive a wholly unfavorable ruling from the court of appeals. But Lakeland has received a wholly unfavorable ruling from the trial court. Far from preventing the Snopeks from maintaining their action, the judgment permits the Snopeks to sue again after compliance with the notice requirement in § 893.80(1m). Therefore, we hold that Lakeland is an aggrieved party and has standing to appeal the trial court's grant of summary judgment.

We now turn to the issue of whether § 893.80(1m), STATS., can be applied retroactively. This is a question of law which we review de novo. *See Salzman v. DNR*, 168 Wis. 2d 523, 528, 484 N.W.2d 337, 339 (Ct. App. 1992).

The general rule of statutory construction is that we give retroactive application to procedural or remedial statutes unless there is a clearly expressed

legislative intent to the contrary or unless retroactive application would impair contracts or vested rights. *See City of Madison v. Town of Madison,* 127 Wis. 2d 96, 102, 377 N.W.2d 221, 224 (Ct. App. 1985). However, substantive statutes are to be construed as relating only to future and not past acts. *See id.* at 101–02, 377 N.W.2d at 224. The distinction between substantive and procedural laws is relatively clear. If the statute prescribes a method for enforcing a right or remedy, it is procedural; if it creates, defines or regulates rights or obligations, it is substantive. *See id.* at 102, 377 N.W.2d at 224. Therefore, the issue of whether § 893.80(1m), STATS., is to be given retroactive application turns on the resolution of whether it is a procedural or substantive statute.

In *Ocampo v. City of Racine,* our supreme court addressed the issue of whether the requirement in § 81.15, STATS., 1963, that plaintiffs give notice of claim within 120 days after the injury prior to maintaining an action was a substantive statute of limitations or a procedural condition precedent to the right to maintain an action. *See Ocampo v. City of Racine,* 28 Wis. 2d 506, 507–08, 137 N.W.2d 477, 478–79 (1965). The court noted that as a general rule, a requirement to give notice is regarded as a condition precedent to bringing suit and not a statute of limitations whenever the statute merely provides that no suit be brought unless notice of injury is first given to the person responsible. *See id.* at 509–10, 137 N.W.2d at 479. Moreover, procedural conditions to give notice precedent to bringing suit are distinguishable from a substantive statute of limitations when " '[t]he [notice requirement] does not assume to limit the time in which the action is to be commenced,' " but instead limits the time " 'within which a certain prescribed act, necessary to

the enforcement of [a] cause of action, shall be done.'"
*Id.* at 509, 137 N.W.2d at 479 (quoted source omitted).
Therefore, because the notice of claim requirement in
§ 81.15, STATS., 1963, did not limit the time in which the
action had to be commenced, it was a procedural
condition precedent to the maintenance of a cause of
action. *See id.* at 510, 137 N.W.2d at 480.

Applying *Ocampo* to the present case, we conclude
that § 893.80(1m), STATS., is a procedural condition
precedent to the maintenance of a cause of action and
not a substantive statute of limitations. Section
893.80(1m) merely provides that no malpractice action
shall be brought unless notice is first given to the
governmental agency responsible. Thus, like the
statute at issue in *Ocampo*, this statutory requirement
to give notice is a procedural condition precedent to
bringing suit. *See Ocampo,* 28 Wis. 2d at 510, 137
N.W.2d at 480. The reason why it is not a substantive
statute of limitations is because it does not limit the
time in which the action must be commenced but the
time in which the necessary act of giving notice must be
performed in order to preserve the right to proceed. *See
id.* at 509, 137 N.W.2d at 479.

Lakeland contends, however, that when the
legislature repealed § 895.43(1)(a), STATS., 1977, and
enacted the new notice of claim requirement in
§ 893.80(1m), STATS., it made a substantive change in
the law because the change in the *amount of time* in
which a plaintiff had to give notice (from the old 120
days to the new 180 days) directly affected a plaintiff's
right to commence suit. Lakeland reasons that the
change gives a substantive right that plaintiffs never
had before in that it allows plaintiffs extra time—time

without which the lawsuit would be barred from proceeding.

Lakeland cites *Modica v. Verhulst,* 195 Wis. 2d 633, 536 N.W.2d 466 (Ct. App. 1995), for support. Lakeland appears to read *Modica* to stand for the proposition that any revision of the time limit in which a plaintiff must give notice is substantive and therefore has prospective application only. However, we find no support in *Modica* for Lakeland's claim. In *Modica,* we discussed the difference between a notice of claim statute and a statute of limitations. We noted that an amendment to a notice of claim statute requiring aggrieved parties to first give notice to the city clerk and wait for disallowance prior to commencing suit was procedural and not substantive because it did not lengthen or shorten the time within which the plaintiff had to act. *See Modica,* 195 Wis. 2d at 643, 536 N.W.2d at 471–72. However, added to the amendment was "a new requirement that *suit be brought within six months of disallowance [which]* was a statute of limitations" and therefore could not be applied retroactively. *See id.* at 643, 536 N.W.2d at 472 (emphasis added). We reasoned that statute of limitations are substantive in nature because they "regulate" the time in which an action "may be brought." Therefore, *Modica* stands for the proposition that if the change to a notice of claim statute alters the applicable statute of limitations as well, the change is not procedural but substantive and cannot be applied to actions that accrue prior to the effective date of the statute.

While § 893.80(1m), STATS., does change the length of time in which the Snopeks and others similarly situated have to give notice, the change is still procedural because it does not alter the time in which

the plaintiff must act and commence suit. Unlike the statute discussed in *Modica*, the revision to the notice of claim procedures for malpractice actions in § 893.80(1m) only affects the conditions which must be followed prior to commencing a cause of action; it does not alter the applicable statute of limitations governing a claim. Therefore, we reject Lakeland's argument.

Correlatively, our analysis also has the result of rejecting Lakeland's reliance upon *Kohnke v. St. Paul Fire & Marine Ins. Co.*, 144 Wis. 2d 352, 424 N.W.2d 191 (1988), for the proposition that a cause of action is controlled by the statutes in effect at the time the claim is theoretically capable of enforcement. Lakeland interprets *Kohnke* to support its claim that even if § 893.80(1m), STATS., is procedural, the old statute, § 895.43(1)(a), STATS., 1977, is still the applicable notice requirement because it was the statute in effect at the time of the injury in 1979. However, *Kohnke* provides no support for Lakeland's argument. There, the supreme court held that the *statute of limitations* in effect at the time of the medical malpractice determined the *statutory limitation* period to be applied in the action. *See Kohnke*, 144 Wis. 2d at 355, 424 N.W.2d at 193. This is nothing more than an application of the general rule we mentioned at the outset of our discussion: that laws affecting substantive rights are to be construed as having prospective application only. *See City of Madison*, 127 Wis. 2d at 101–02, 377 N.W.2d at 224. As we stated above, a notice of claim statute is not a statute of limitations but a procedural condition precedent to the maintenance of a cause of action. Therefore, the *Kohnke* rule that statute of limitations in effect at the time of the injury prescribe the period in which a

plaintiff must bring suit does not influence our conclusion that the procedural notice of claim requirement in § 893.80(1m) is retroactive.

*By the Court.*—Order affirmed.