Belinda SNOPEK and Russell Snopek, Plaintiffs-
Respondents,

v.

LAKELAND MEDICAL CENTER, Defendant-Appellant-
Petitioner.

Supreme Court

*No. 96–3645. Oral argument September 10, 1998.—Decided
January 21, 1999.*

(Also reported in 588 N.W.2d 19.)

For the defendant-appellant-petitioner there were briefs by *Lori Gendelman, Jeffrey J.P. Conta* and *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.*, Milwaukee and oral argument by *Lori Gendelman*.

For the plaintiffs-respondents there was a brief by *Richard J. Steinberg, Richard D. Steinberg* and *Steinberg Law Offices, S.C.*, Brookfield and oral argument by *Richard D. Steinberg*.

¶ 1. WILLIAM A. BABLITCH, J. Lakeland Medical Center (Lakeland), a medical facility previously owned by Walworth County, seeks review of a published court of appeals' decision[1] which held that Belinda Snopek was not time-barred from suing Lakeland for an injury she sustained in 1979 but for which she did not bring suit until discovery of the injury in 1995. At the time of Snopek's injury in 1979, a plaintiff had to give a governmental entity notice of the injury within 120 days after the injury-causing event before bringing an action against that governmental entity. In 1986 the legislature amended the statute to require a notice of injury for medical malpractice claims within 180 days from when the injury was discovered or should have been discovered. The issue presented by this case is whether this 1986 legislative amendment can be applied retroactively. Because the legislature clearly stated its intent that the amendment would only apply to injuries occurring after the date of enactment of the statute, we hold that the legislative amendment requiring notice of injury within 180 days of discovery can be applied prospectively only. Accordingly, we reverse the court of appeals' decision.

---

[1] *Snopek v. Lakeland Medical Center*, 215 Wis. 2d 537, 573 N.W.2d 213 (Ct. App. 1997).

¶ 2.    The facts underlying this action are these. On June 20, 1979, Snopek was treated at Lakeland for injuries she sustained in an automobile accident. The parties do not dispute that at that time, Lakeland was owned and operated by Walworth County and therefore was a governmental subdivision or agency for purposes of the notice of injury statute. Accordingly, before a party could bring an action against Lakeland, Lakeland as a governmental agency, was entitled to notice of injury.

¶ 3.    Snopek had injured her knee in the automobile accident. From the time of the accident until 1995 Snopek had intermittent pain, swelling and weakness in her knee. In February 1995, during arthroscopic knee surgery, the surgeon discovered a piece of plastic lodged in Snopek's knee. Because Snopek's knee improved considerably after removing the plastic, her physician concluded in June 1995 that her knee problems had been caused by the plastic left imbedded in her knee from the accident in 1979.

¶ 4.    On July 31, 1995, Snopek filed a Request for Mediation with the Medical Mediation Panel. Later, on December 8, 1995, Snopek filed a summons and complaint alleging that Lakeland was negligent in its acts and omissions in Snopek's care. In its answer Lakeland alleged that Snopek failed to file a notice of injury and notice of claim and therefore her claim was barred because she failed to timely meet a condition precedent. Lakeland then filed a motion for summary judgment. Lakeland asserted that the notice statute in effect at the time of the accident, Wis. Stat. § 895.43 (1977) (reprinted below),[2] which required the plaintiff

---

[2] Wisconsin Stat. 895.43 (1977) provides:

(1)    No action may be brought or maintained against any volunteer fire company organized under ch. 213, political corpora-

to give notice of injury within "120 days after the happening of the event giving rise to the claim," governed this action. Snopek countered that the applicable notice statute was the one in effect at the time she discovered her injury, Wis. Stat. § 893.80(1m) (1993–94) (reprinted below),[3] which requires notice of

tion, governmental subdivision or agency thereof. . .upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency. . .; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk. . .and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail. . . . No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant. . .employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

[3] References to the Wisconsin Statutes are to the 1993–94 version unless otherwise noted.

Wisconsin Stat. § 893.80 provides in pertinent part:

(1) Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof. . .upon a claim or cause of action unless:

. . .

(1m) With regard to a claim to recover damages for medical malpractice, the time period under sub. (1)(a) shall be 180 days after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered, rather than 120 days after the happening of the event giving rise to the claim.

injury within 180 days from when the plaintiff discovers or should have discovered her injury.

¶ 5. The Circuit Court for Walworth County, Judge James L. Carlson presiding, determined that Wis. Stat. § 893.80(1m), the statute in effect when Snopek discovered her injury, was controlling.

¶ 6. The court of appeals affirmed the circuit court's order. *Snopek v. Lakeland Medical Center*, 215 Wis. 2d 537, 540, 573 N.W.2d 213 (Ct. App. 1997). The court of appeals reasoned that the notice statute is a procedural condition precedent to bringing or maintaining an action against the governmental entities listed in Wis. Stat. § 893.80 and therefore can be applied retroactively. *See id.* at 540. This court accepted Lakeland's petition for review of the court of appeals' decision.

■

¶ 7. The issue presented by this case is whether the 1986 amendment which changed the prescribed time within which to give notice of injury for medical malpractice claims from 120 days after the injury-causing event to 180 days after the injury is discovered or should have been discovered, can be applied retroactively. The question of whether Wis. Stat. § 893.80(1m) can be applied retroactively is a question of law which this court reviews de novo. *In re Marriage of Schulz v. Ystad*, 155 Wis. 2d 574, 596, 456 N.W.2d 312 (1990) (citing *Chappy v. LIRC*, 136 Wis. 2d 172, 180, 401 N.W.2d 568 (1987)).

■

¶ 8. Generally, statutes are applied prospectively. *Schulz*, 155 Wis. 2d at 597. "Strong common-law tradition defines the legislature's primary function as declaring law to regulate future behavior. Thus, as a matter of justice, no law should be enforced before peo-

ple can learn of its existence and conduct themselves accordingly. In short, retroactivity disturbs the stability of past transactions." *Id.* (citing *Employers Ins. v. Smith*, 154 Wis. 2d 199, 453 N.W.2d 856 (1990)).

¶ 9. There are, however, exceptions to this general rule. A statute may be applied retroactively if: 1) by express language or by necessary implication, the statutory language reveals legislative intent that it apply retroactively, *Schulz*, 155 Wis. 2d at 597; or 2) the statute is remedial or procedural rather than substantive, *Gutter v. Seamandel*, 103 Wis. 2d 1, 17–18, 308 N.W.2d 403 (1981). If a statute falls under the second exception—that is, it is remedial or procedural—it nonetheless cannot be applied retroactively if the legislature clearly expressed its intent that it be applied prospectively only, or retroactive application would impair contracts or vested rights. *Modica v. Verhulst*, 195 Wis. 2d 633, 643, 536 N.W.2d 466 (Ct. App. 1995).

¶ 10. The parties in this case do not argue, and we find no support for the first exception to prospective application of Wis. Stat. § 893.80(1m). Section 893.80(1m) contains no express language, nor is there a necessary implication, that the statute apply retroactively. *See, e.g., Schulz*, 155 Wis. 2d at 597.

¶ 11. Snopek argues that the notice of injury statute, Wis. Stat. § 893.80(1m), applies retroactively because it falls within the second exception to prospective application—it is a condition precedent which is procedural. Lakeland agrees that the notice of injury statute is a condition precedent. However, Lakeland asserts that the change in the time in which plaintiffs must act, from 120 days from the injury-causing event

294

to 180 days after discovery of the injury, is substantive and therefore applied prospectively only.

¶ 12. We agree that the notice of injury statute is a condition precedent. A condition precedent limits " 'the time within which a certain prescribed act, necessary to the enforcement of [the plaintiff's] cause of action, shall be done.' " *Ocampo v. Racine*, 28 Wis. 2d 506, 509, 137 N.W.2d 477 (1965) (quoting *Troschansky v. Milwaukee E.R. & L. Co.*, 110 Wis. 570, 571, 86 N.W. 156 (1910)). It is well-established that the notice of injury statute which sets the time (previously 120 days from the injury-causing event and now 180 days from the discovery of the injury) within which a certain prescribed act (notice of injury) shall be done, is a condition precedent to the plaintiff's right to recover from a governmental entity such as county-owned Lakeland. *Ocampo*, 28 Wis. 2d at 508–10. Failure of a party to fulfill the procedure of giving a governmental entity a notice of injury within the prescribed time results in such party losing the right to proceed with an action against the governmental entity. *Id.* (citing *Troschansky*, 110 Wis. at 571). *See also Modica*, 195 Wis. 2d at 643.

¶ 13. A procedural statute is usually an exception to the general rule that a statute is applied prospectively. *See Gutter*, 103 Wis. 2d at 17–18. However, we must further determine whether the legislature clearly expressed its intent that the statute apply prospectively only. *See Modica*, 195 Wis. 2d at 643.

¶ 14. When the legislature created Wis. Stat. § 893.80(1m) in 1985 Wis. Act 340, it clearly expressed its intent that the statute be applied prospectively

only. In a non-statutory provision entitled "Initial applicability" the legislature specified that § 893.80(1m) "first applies to claims arising from occurrences on the effective date of this subsection." 1985 Wis. Act 340, § 75(14). In other words, § 893.80(1m), requiring notice of injury within 180 days from when the injury was, or should have been discovered, first applies to occurrences happening on the effective date of the act, June 14, 1986. Although the legislature did not define "occurrences," we determine that, as in most insurance contracts, "occurrence" refers to the event or accident which causes harm. *See, e.g., Kremers-Urban Co. v. American Employers Ins.*, 119 Wis. 2d 722, 737–40, 351 N.W.2d 156 (1984); *Welter v. Singer*, 126 Wis. 2d 242, 248, 376 N.W.2d 84 (Ct. App. 1985). By specifying the initial applicability of § 893.80(1m), the legislature clarified that the notice conditions to bringing and maintaining an action for medical malpractice against the governmental entities listed in the statute would apply prospectively only.

¶ 15. Our conclusion is supported by reviewing 1985 Wis. Act 340, § 75(14) within the context of § 75. Throughout § 75 the legislature provided different time frames for the initial applicability of the different subsections of the act. Most notably, in § 75(9) the legislature provided that the amendment to Wis. Stat. § 655.009(1) providing that a complaint in a medical malpractice action must not specify the amount of money to which a plaintiff believes he or she is entitled, "first applies to claims filed on the effective date of this subsection." 1985 Wis. Act 340, § 75(9). To have a valid claim on the effective date of the subsection the injury must have occurred before the effective date. However, comparing § 75(9) with § 75(14) which provides that Wis. Stat. § 893.80(1m) first applies to "claims arising

from occurrences on the effective date of this subsection" indicates that the legislature made a distinction between claims and occurrences, the latter being the triggering event for initial application of § 893.80(1m).

¶ 15a. Because the legislature expressed its intent that Wis. Stat. § 893.80(1m) first apply to occurrences on the effective date of the subsection, occurrences which give rise to claims, the legislature intended that § 893.80(1m) apply prospectively. Accordingly, we reverse the court of appeals' decision. Snopek's claim is barred because she failed to comply with the statute in effect at the time of her injury which required filing a notice of injury with Lakeland "within 120 days after the happening of the event giving rise to [her] claim."

¶ 15b. Because the legislature clearly expressed its intent for prospective application of Wis. Stat. § 893.80(1m), we need not determine whether retroactive application of the statute would impair contracts or vested rights.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 16. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (*concurring*). The determinative issue according to the majority opinion is the meaning of 1985 Wis. Act 340, § 75(14). Neither party raised or argued this provision in its briefs to this court. Although the majority opinion sets forth a reasonable interpretation of § 75(14), I would have preferred that the court give the parties an opportunity to brief the issue of the applicability of § 75(14).

¶ 17.   The majority opinion relies on the definition of occurrence in "most insurance policies" to define the word "occurrence" as used in the 1985 Act. I have doubts whether definitions of occurrence in insurance policies are helpful in interpreting the initial applicability provisions of the Act. In any event, the majority appears to believe that most insurance contracts define "occurrence" as a single event or accident that causes harm and triggers the application of the statute.

¶ 18.   Yet in a case cited by the majority opinion the insurance policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." *Kremers-Urban Co. v. American Employers Ins.*, 119 Wis. 2d 722, 731, 739, 351 N.W.2d 156 (1984); *see also* the insurance policies appearing in 1 Miller's Standard Insurance Policies Annotated *passim* (4th ed. 1995).

¶ 19.   Here, Snopek alleged that the defendants negligently failed in their 1979 treatment to identify a foreign object in her right knee and that the continuing presence of that foreign object caused her intermittent pain, swelling and weakness until the object was discovered in 1995 during arthroscopic surgery. These allegations indicate the possibility of an occurrence of the "continuous or repeated exposure" variety, rather than a single event or accident.

¶ 20.   For the reasons set forth, I concur.

¶ 21.   I am authorized to state that Justice Ann Walsh Bradley joins this concurrence.

¶ 22.   JON P. WILCOX, J. (*concurring*). While I agree with the result, I disagree with the majority's

statement in paragraph 12 that Wis. Stat. § 893.80(1m) (1995–96) is a procedural statute. Majority op. at 295. Rather, I believe this court's decision in *Colby v. Columbia County*, 202 Wis. 2d 342, 349, 550 N.W.2d 124 (1996), dictates that the 180-day waiting period in § 893.80(1m), the notice of claim statute at issue in this case, is effectively a statute of limitations.

¶ 23. The general rule of statutory construction is that statutes are to be construed as relating to future and not past acts. *Gutter v. Seamandel*, 103 Wis. 2d 1, 17, 308 N.W.2d 403 (1981). However, if a statute is procedural or remedial, rather than substantive, the statute is generally given retroactive application, as long as the retroactive application does not disturb contracts or vested rights. *Id.*

¶ 24. The distinction between substantive and procedural laws is well established. If a statute prescribes the method, i.e., the legal machinery, used in enforcing a right or remedy, it is procedural. *City of Madison v. Town of Madison*, 127 Wis. 2d 96, 102, 377 N.W.2d 221 (Ct. App. 1985); *see also Steffen v. Little*, 2 Wis. 2d 350, 357, 358, 86 N.W.2d 622 (1957) (setting forth the rule, its exception and its qualification). A remedial statute relates to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing. *City of Madison*, 127 Wis. 2d at 102. However, if the law creates, defines or regulates rights or obligations, it is substantive. *Id.*

¶ 25. This court recently considered the relationship between Wis. Stat. §§ 893.80 (1993–94), 893.13 (1993–94) and 893.23 (1993–94), statutes governing notice of claims, tolling of statutes of limitation and the tolling provision for statutory stays, respectively.

*Colby*, 202 Wis. 2d at 342. In *Colby*, the issue was whether the premature filing of a summons and complaint which was subsequently dismissed because of the failure to comply with the provisions of § 893.80(1)(b) was sufficient to toll the statute of limitations. *Colby*, 202 Wis. 2d at 346. In reaching its decision, the court looked to a virtually identical tolling provision in the statutory framework of the state of New York. The *Colby* court noted that New York's statute tolled the statute of limitations when the commencement of an action was to be stayed by statutory prohibition, thereby extending the period of limitations. *Id.* at 354. For example, in New York, a plaintiff who wanted to file suit against the Metropolitan Transportation Authority had up to 1 year and 30 days from the accrual of the cause of action, which included the 30-day waiting period, to commence the suit. *Id.* at 354–55.

¶ 26. In response to the inconsistent tolls resulting from the various waiting periods, the New York legislature enacted a statute in an attempt to achieve uniformity. *Id.* at 355–56, 357 n.8. The statute specifically eliminated any tolls for waiting periods between the service of a notice of claim and the commencement of the action and it lengthened the statute of limitations to 1 year and 90 days for all such actions. *Id.* at 356, 357 n.8.

¶ 27. Without similar legislative action, the *Colby* court concluded that the interplay between Wis. Stat. § 893.23 (1993–93), the tolling provision for statutory waiting periods, and Wis. Stat. § 893.80 (1993–94), in effect, created a statute of limitations equal to 3 years and 120 days when filing a claim under § 893.80(1)(b). *Colby*, 202 Wis. 2d at 357–58. By virtue of the statutory stay under § 893.23, the court deter-

mined that the 120-day waiting period, which is required prior to the commencement of an action against the county, must be added to the statutory limitation of 3 years in order to obtain the time within which the action may be brought. *Colby*, 202 Wis. 2d at 357–58. The court stated that § 893.80(1)(b) requires the plaintiff to first provide the county with a notice of claim, followed by either a denial of the claim, or the expiration of the 120-day disallowance period, prior to the filing of a summons and complaint, all of which must be completed within the 3-year and 120-day period of limitations. *Colby*, 202 Wis. 2d at 357–58.

¶ 28. At first glance, one might question the applicability of *Colby*. That *Colby* looked at the notice of claim provision, paragraph (b) of Wis. Stat. § 893.80(1) (1993–94), rather than the notice of injury provision, paragraph (a), or subsection (1m) is insignificant. *Colby*, 202 Wis. 2d at 347. Subsection (1m) merely extends the time period under subsection (1)(a) from 120 days to 180 days for medical malpractice claims. The notice of injury and notice of claim provisions of § 893.80(1) are unambiguously stated in the conjunctive; therefore, both provisions must be satisfied before the claimant may commence an action against a governmental agency. *Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 593, 530 N.W.2d 16 (Ct. App. 1995). Accordingly, *Colby* speaks to § 893.80(1) as a whole, rather than one provision or the other.

¶ 29. *Colby* dictates that the waiting periods contained in Wis. Stat. § 893.80 (1993–94) are, in effect, statutes of limitations. Statutes of limitations are substantive, not procedural, statutes because they create and destroy rights, *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 149, 493 N.W.2d 40 (1992), and therefore, can only be applied to causes of action accru-

ing on or after the statute's effective date. Because § 893.80(1m) is a substantive statute which did not become effective until June 14, 1986, I also conclude that it can not be applied retroactively to the 1979 alleged malpractice.

¶ 30.  For the foregoing reasons, I concur.

¶ 31.  I am authorized to state that Justice David T. Prosser joins in this concurring opinion.