STATE of Wisconsin, Plaintiff-Respondent,

v.

Nathan J. MEINHARDT, Defendant-Appellant.

Court of Appeals

*No. 2011AP1556–CR. Submitted on briefs May 22, 2012.
—Decided June 20, 2012.*

2012 WI App 82

(Also reported in 819 N.W.2d 347.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Basil M. Loeb* of *Schmidlkofer, Toth & Loeb, LLC*, of Wauwatosa.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. BROWN, C.J.    Nathan J. Meinhardt was convicted of Fleeing and Eluding, a Class I Felony, and was sentenced to two years of probation when he was

twenty-four years old. Under the version of Wis. Stat. § 973.015(1)(a) (2007–08) that was in effect when Meinhardt committed these crimes, only those who had committed misdemeanors while under the age of twenty-one qualified for expungement at the time of their sentencing if certain other circumstances were met. While Meinhardt was serving his probation, § 973.015(1)(a) was expanded to raise the maximum age from twenty-one to twenty-five and to include some felonies as eligible offenses, meaning that Meinhardt would be eligible for expungement if the amended statute could be applied to his case. *See* § 973.015(1)(a) (2009–10).[1] Meinhardt sought expungement under the new statute, arguing that it should be applied retroactively. The circuit court denied his motion after finding that it had no authority to grant expungement. Based on legislature's clear statement as to the law's effective date, we agree and affirm.

¶ 2.     On June 21, 2008, an officer observed a car squealing its tires prior to taking off at a high rate of speed. The officer activated his emergency lights and siren and attempted to pull over the car. The vehicle fled, traveling five miles, running three stop signs, and reaching speeds of nearly one hundred miles per hour before pulling over. The driver, Meinhardt, was convicted of a felony charge and sentenced on September 26, 2008. On March 30, 2010, after Wis. Stat. § 973.015(1)(a) was amended, Meinhardt filed a letter with the circuit court seeking early release from his probation and expungement of his conviction. The circuit court denied both requests. After completing his probation, Meinhardt again moved to expunge his con-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

viction. Meinhardt argued that he was an ideal candidate for expungement under the new version of the statute because his conviction was an isolated incident, he possessed an excellent probationary record, and he planned to pursue a career in the medical field which would be hampered by his conviction. The circuit court denied Meinhardt's motion, explaining that it did not believe the amended statute gave it the authority to expunge Meinhardt's conviction. Meinhardt appeals.

■■■

¶ 3. The determinative issue in this case is whether the circuit court has the authority to apply the amended version of WIS. STAT. § 973.015(1)(a) retroactively to Meinhardt's case. The question of whether a statute can be applied retroactively is a question of law which this court reviews de novo. *See Snopek v. Lakeland Medical Ctr.*, 223 Wis. 2d 288, 293, 588 N.W.2d 19 (1999). When determining whether to give a statute retroactive effect, we are bound by the legislature's express intent. *State v. Jason J.C.*, 216 Wis. 2d 12, 19, 573 N.W.2d 564 (Ct. App. 1997). "The general rule of statutory construction is that statutes are construed as relating to future and not to past acts." *City of Madison v. Town of Madison*, 127 Wis. 2d 96, 101–02, 377 N.W.2d 221 (Ct. App. 1985). There are, however, exceptions to this rule. One such exception is that a statute may be applied retroactively if the statute is remedial or procedural rather than substantive so long as there is no clear legislative intent to the contrary and retroactive application would not affect contracts or vested rights. *Snopek*, 223 Wis. 2d at 294.

¶ 4. Meinhardt's argument is that WIS. STAT. § 973.015(1)(a) should be applied retroactively because it is a procedural statute. *See Snopek*, 223 Wis. 2d at 294. We need not address that line of reasoning or the

591

cases Meinhardt cites in support of it in detail because his contention ignores the overriding principle that where legislative intent is clear, we need not look further.[2] *See Jason J.C.*, 216 Wis. 2d at 19; *Snopek*, 223 Wis. 2d at 294.

¶ 5.   In this case, the legislature's intent to apply Wɪs. Sᴛᴀᴛ. § 973.015(1)(a) prospectively rather than retroactively is found in the Act that amended the statute. *See* 2009 Wis. Act 28, §§ 9309 and 9400. First, § 9309 explains that "[t]he treatment of section 973.015(1)(a) and (c) of the statutes first applies to *sentencing orders that occur on the effective date of this subsection.*" (Emphasis added.) Then, § 9400 gives the majority of the act, including § 9309, an effective date of July 1, 2009. Therefore, under the amended § 973.015(1)(a), a defen-

---

[2] In their briefs, both parties cite to the unpublished *State v. Melody P.M .*, No. 2009AP2994, unpublished slip op. (Ct. App. June 10, 2010), a case where the facts show that Wɪs. Sᴛᴀᴛ. § 973.015(1)(a) was applied retroactively. *Id.*, ¶¶ 2, 8; *see also* Wɪs. Sᴛᴀᴛ. Rᴜʟᴇ 809.23(3)(a) & (b) (unpublished opinions after July 1, 2009 may be cited for persuasive value). Not surprisingly, Meinhardt references *Melody P.M.* as persuasive authority that supports his argument for retroactive application of § 973.015(1)(a). The State, on the other hand, asks us to explicitly disavow *Melody P.M.* as decided incorrectly. We need not either follow or disavow *Melody P.M.* in this case because that court simply did not deal with the issue which is before us. A close reading reveals that the court's authority to retroactively expunge records was not directly addressed, presumably because it was not raised by the parties. *See Melody P.M.*, unpublished slip op., ¶ 4. Instead, the issue was whether forfeitures, which were ineligible for expungement under the old Wɪs. Sᴛᴀᴛ. § 973.015(1)(a) (2007–08), were eligible for expungement under the new Wɪs. Sᴛᴀᴛ. § 973.015(1)(a) (2009–10). *See Melody P.M.*, unpublished slip op., ¶¶ 4–7. At any rate, our holding now controls.

dant must be under twenty-five at the commission of his offense *and* be sentenced on or after July 1, 2009, as well as meeting the additional criteria in the statute, to qualify for expungement. While Meinhardt was of appropriate age when he committed his offense, he was sentenced prior to July 1, 2009. Because of that, the circuit court was correct in finding that it had no authority to order expungement.

*By the Court.*—Order affirmed.