Kevin E. LINS, Shirley M. Lins, Eugene A. Lins, and Colleen R. Lins, Plaintiffs-Appellants,

v.

James BLAU, Defendant,

TOWN OF SPRING GREEN and Sauk County, Defendants-Respondents.

Court of Appeals

*No. 97–2533. Submitted on briefs April 7, 1998.—Decided July 9, 1998.*

(Also reported in 584 N.W.2d 183.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert E. Shumaker* of *DeWitt Ross & Stevens, S.C.* of Madison.

On behalf of the defendant-respondent, Town of Spring Green, the cause was submitted on the brief of *Robert G. Wixson* of *Winner, Wixson & Pernitz* of Madison.

On behalf of the defendant-respondent, Sauk County, the cause was submitted on the brief of *Thomas J. Basting, Sr.*, and *Margery Mebane Tibbetts* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

Before Eich, C.J., Dykman, P.J., and Vergeront, J.

DYKMAN, P.J. Kevin, Shirley, Eugene and Colleen Lins appeal from an order dismissing their property damage action against James Blau, the Town of Spring Green (Town), and Sauk County (County). The trial court determined that the Linses' claim was time barred because they failed to file a notice of claim within the ninety days required under § 88.87(2)(c), STATS. The issue in this case is whether a 1994 amendment to § 88.87(2)(c), which extended the time period for filing a notice of claim from ninety days to three years, should be applied prospectively or retroactively. We conclude that § 88.87(2)(c), as amended, is procedural in nature and, as such, should be applied retroactively. We therefore reverse and remand for further proceedings.

### BACKGROUND

The critical facts surrounding this litigation are not in dispute. The Linses filed a complaint in December 1995, claiming that James Blau, the Town, and the

County caused damage to their property in 1993. The damage followed a period of unusually heavy precipitation in the area. The precipitation resulted in flooding on and around the Linses' property, particularly in the nearby Prairie View subdivision.

Blau, a resident of Prairie View, allegedly began to pump water from his basement into his backyard and into a ditch along an adjacent highway. However, because the driveways in the Prairie View Subdivision were not built with culverts, the water flowed into the yard of one of Blau's neighbors. Blau then obtained a permit from the County to pump water through pipes he installed under the highway onto a portion of the Linses' property, known as the Slauson Parcel. As the flooding continued, the County closed the highway and began pumping water onto the Slauson Parcel. The Town and the County then built two dikes on the highway to prevent the water from coming back into the Prairie View Subdivision. The Linses allege that the construction of these dikes, combined with the continuous pumping by Blau and the County, resulted in excessive water build-up on certain parcels of their property, causing severe damage to their crop land.

Section 88.87, STATS., was enacted to regulate the construction and drainage of all highways in order to protect property owners from damage to lands caused by unreasonable diversion or retention of surface waters due to the construction of highways or railroad beds. *See* § 88.87(1). The statute imposes a duty on governmental entities to refrain from impeding "the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and dis-

charge of surface waters flooding or water-soaking lowlands." *See* § 88.87(2)(a).

Section 88.87(2)(c), STATS., "creates a remedy for property owners who claim damages [from a violation of] this statute and establishes certain procedures to be followed in making a claim." *See Van v. Town of Manitowoc Rapids*, 150 Wis. 2d 929, 930, 442 N.W.2d 557, 558 (Ct. App. 1989). Prior to 1994, § 88.87(2)(c),[1] stated that if the town or county failed to comply with the duties set forth in paragraph 2(a), any aggrieved property owner "may, within 90 days after the alleged damage occurred, file a claim with the appropriate governmental agency. . . ." *See* § 88.87(2)(c), STATS., 1991–92. The governmental agency then had ninety days after the filing of such claim "to correct the cause of the water damage, acquire rights to use the land for drainage, or deny the claim." *See* § 88.87(2)(c). If the governmental agency or railroad company denied the claim or failed to take any action within ninety days after the filing of the claim, the property owner could

---

[1] Section 88.87(2)(c), STATS., 1991–92, reads as follows:

Whenever any county, town, city, village, railroad company or the department of transportation constructs and maintains a highway or railroad grade not in accordance with par. (a), any property owner damaged thereby may, within 90 days after the alleged damage occurred, file a claim with the appropriate governmental agency or railroad company. Such claim shall consist of a sworn statement of the alleged faulty construction and a legal description of the lands alleged to have been damaged by flooding or water-soaking. Within 90 days after the filing of such claim, the governmental agency or railroad company shall either correct the cause of the water damage, acquire rights to use the land for drainage or overflow purposes, or deny the claim. If the agency or company denies the claim or fails to take any action within 90 days after the filing of the claim, the property owner may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable.

bring an action for inverse condemnation or sue for some other form of equitable relief. *See id.*

In 1993, the legislature amended paragraph 2(c) and added paragraph 2(d). These amendments are contained in 1993 Wis. Act 456, §§ 109 and 110 and became effective on May 13, 1994. The only significant change made to paragraph 2(c) was that the time period for an aggrieved property owner to file a claim increased from ninety days to three years. 1993 Wis. Act 456, § 109. The legislature made this change with the intent to provide the landowner with "sufficient time to discover the damage." Legislative Council Special Committee Note, 1993 Wis. Act 456 § 109.

In December 1995, the Linses filed a complaint alleging, among other claims, that the Town and the County violated § 88.87, STATS., when it impeded the general flow of water so as to cause an unnecessary accumulation and discharge of waters, which flooded the Linses' property. Pursuant to § 88.87, the Linses sought injunctive relief against the Town and the County. The Town and the County filed a motion for summary judgment on various grounds. The trial court granted their motion and dismissed all of the Linses' claims because they failed to comply with the pre-amendment requirement that they file a claim within ninety days after the alleged damage occurred. The Linses appeal.

## STANDARD OF REVIEW

Summary judgment is appropriate if it is established that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See* § 802.08(2), STATS. We apply the same methodology as the trial court and consider the

issues *de novo*. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Whether a statute should be applied prospectively or retroactively presents a question of statutory construction that we also decide *de novo*. *Salzman v. DNR*, 168 Wis. 2d 523, 528, 484 N.W.2d 337, 339 (Ct. App. 1992).

## DISCUSSION

The issue is whether § 88.87(2)(c), STATS., as amended, should be applied prospectively or retroactively. The general rule of statutory construction is that statutes are construed prospectively and not retroactively. *City of Madison v. Town of Madison*, 127 Wis. 2d 96, 101–102, 377 N.W.2d 221, 224 (Ct. App. 1985). However, if the statute at issue is remedial or procedural, it will be applied retroactively unless there is a clearly expressed legislative intent to the contrary or unless retroactive application will interfere with contracts or vested rights. *Id.* at 102, 377 N.W.2d at 224. The distinction between substantive and procedural laws is relatively clear. *Id.* If the statute merely prescribes a method for enforcing a right or remedy, it is deemed to be procedural; if it creates, defines, or regulates rights or obligations, it is deemed to be substantive. *Id.* Therefore, the issue of whether § 88.87(2)(c), STATS., is to be applied retroactively depends on whether it is procedural or substantive.

The Linses contend that § 88.87(2)(c), STATS., is a notice of claim requirement. A notice of claim requirement is a procedural statute because it sets out conditions precedent to the right to bring a suit. *Ocampo v. Racine*, 28 Wis. 2d 506, 510 137 N.W.2d 477, 478 (1965). "Whenever a statute provides that no suit

shall be brought unless notice of the injury is given to the person responsible for it, the giving of such notice is a condition precedent to the plaintiff's right to recover." *Id.* (quoting 1 AM. JUR. 2D, *Actions*, § 81). The Town and County, on the other hand, argue that § 88.87(2)(c) is a statute of limitations. Statutes of limitation are substantive statutes because they "create and destroy" rights by limiting the time in which an action must be commenced. *See Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 149, 493 N.W.2d 40, 43 (1992).

■

In *Snopek v. Lakeland Medical Center*, 215 Wis. 2d 537, 573 N.W.2d 213 (1997), we addressed the difference between a notice of claim requirement and a statute of limitations when deciding whether an amendment to § 893.80(1m), STATS.,[2] should be applied

---

[2] The pertinent provisions of § 893.80, STATS., in *Snopek* were as follows:

(1) Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe; and...

(1m) With regard to a claim to recover damages for medical malpractice, the time period under sub. (1) (a) shall be 180 days

retroactively or prospectively. Relying on *Ocampo*, we stated that, "as a general rule, a requirement to give notice is regarded as a condition precedent to bringing suit and not a statute of limitations whenever the statute merely provides that no suit be brought unless a notice of injury is first given to the person responsible." *Snopek*, 215 Wis. 2d at 545, 573 N.W.2d at 217. Furthermore, we noted that:

> [P]rocedural conditions to give notice precedent to bringing suit are distinguishable from a substantive statute of limitations when "[t]he [notice requirement] does not assume to limit the time in which the action is to be commenced," but instead limits the time "within which a certain prescribed act, necessary to the enforcement of [a] cause of action, shall be done."

*Id.* (quoting *Ocampo*, 28 Wis. 2d at 509, 137 N.W.2d at 479). We concluded in *Snopek* that § 893.80(1m), STATS., was a procedural condition precedent to the maintenance of a suit, and not a limitation on the time in which the action had to be commenced; therefore, the amendment lengthening the period of time to file a claim under § 893.80(1m) would be applied retroactively. *Id.*

Determining whether § 88.87(2)(c), STATS., is a substantive statute of limitations or a procedural notice of claim requirement is a question of statutory interpretation. When addressing a question of statutory interpretation, our threshold question is whether the language of the statute is ambiguous. *MCI*

after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered, rather than 120 days after the happening of the event giving rise to the claim.

*Telecomm. Corp. v. State*, 209 Wis. 2d 310, 316, 562 N.W.2d 594, 597 (1997). A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* If the language of the statute is found to be ambiguous, the court may "look beyond the statute's language and examine the scope, history, context, subject matter and purpose of the statute." *Id.* (quoting, *UFE, Inc. v. LIRC*, 201 Wis. 2d 274, 282, 548 N.W.2d 57, 60 (1996)). A statute is ambiguous if reasonable persons could disagree as to its meaning. *P.A.K. v. State*, 119 Wis. 2d 871, 878–79, 350 N.W.2d 677, 682 (1984).

After reviewing the language of the pre-amendment and post-amendment versions of § 88.87(2)(c), STATS., we are satisfied that both are ambiguous as to whether the period for filing a claim is a notice of claim requirement or a statute of limitations. While paragraph 2(c) sets forth a time frame within which an aggrieved property owner must comply, it is unclear whether this should be construed as a period to file a claim or to give notice of an intent to file a claim. Because the statute is ambiguous, we must look beyond the language of § 88.87(2)(c) for guidance.

We begin by reviewing paragraph 2(c) in context with the other provisions of the statute. While paragraph 2(c) is ambiguous when read in isolation, its purpose becomes more clear when read in conjunction with paragraph 2(d). Paragraph 2(d) reads as follows:

> Failure to give the *requisite notice by filing a claim under par. (c)* does not bar action on the claim if the city, village town, county, railroad company or department of transportation *had actual notice of the claim* within 3 years after the alleged damage occurred and the claimant shows to the satisfaction of the court that the delay or failure to give the

> requisite notice has not been prejudicial to the defendant city, village town, county, railroad company or department of transportation.

*See* § 88.87(2)(d), STATS., (emphasis added). The language "failure to give the requisite notice by filing a claim under par. (c)" in paragraph 2(d) strongly suggests that the legislature intended paragraph 2(c) to be a notice of claim requirement. *See* § 88.87(2)(d). This is further supported by the fact that paragraph 2(d) waives the requirements of paragraph 2(c) if the governmental agency had "actual notice" of the claim. *See id.* As a result, the argument that § 88.87(2)(c) should be read as a statute of limitations fails because a statute of limitations for filing a claim is typically not tolled simply because the opposing party is aware of the facts supporting a future lawsuit.

A comment by the legislative advisory committee further supports this construction. Comments of legislative advisory committees are considered to be relevant to the construction of a statute. *Tempelis v. Aetna Cas. & Sur. Co.*, 164 Wis. 2d 17, 24, 473 N.W.2d 549, 552 (1991), *aff'd as modified,* 169 Wis. 2d 1, 485 N.W.2d 217 (1992). The note following 1993 Act 456, § 109, shows that the special committee considered our decision in *Van v. Town of Manitowoc Rapids*, 150 Wis. 2d 929, 442 N.W.2d 557 (Ct. App. 1989). In *Van,* we said that the procedures in § 88.87(2)(c) are "a mandatory condition precedent to filing a claim under the statute." *See id.* at 931, 442 N.W.2d at 558. We concluded that § 88.87(2)(c) sets out a notice of claim requirement. *Id.* at 932, 442 N.W.2d at 558. Therefore, after reviewing § 88.87(2)(c) in context with paragraph 2(d) and the special committee note referring to the

*Van* decision, we again conclude that the statute is a procedural notice of claim requirement.

The Town, however, relies on *Gutter v. Seamandel*, 103 Wis. 2d 1, 308 N.W.2d 403 (1981), to support its argument that § 88.87(2)(c), STATS., should be applied prospectively. We are not persuaded. In *Gutter*, the statute at issue required that the aggrieved party first provide the governmental entity with written notice within 120 days after the event giving rise to the claim. *Id.* at 18, 308 N.W.2d at 411. If the claim was disallowed by the governmental entity, the statute, as amended, allowed the claimant six months to file an action against the governmental entity. *Id.* We were satisfied that the provision requiring the claimant provide written notice and then wait for disallowance prior to commencing suit was procedural; however, we held that the provision requiring the claimant to file an action within six months of disallowance was a substantive statute of limitations. *Id.* We concluded that while changes to notice of claim requirements are procedural and can be applied retroactively, changes to the statute that also alter the statute of limitations for commencing an action require that the entire provision be viewed as substantive and applied prospectively. *Id.*

However, unlike the statute at issue in *Gutter*, § 88.87, STATS., was not amended to include a period of time during which a claimant has to file an action if the governmental agency denies the claim or fails to take any action after being notified. Paragraph 2(c) merely requires that the claimant provide the governmental agency with notice, and paragraph 2(d) waives that requirement if the claimant can demonstrate that the governmental agency has actual notice of the claim. Section 88.87(2)(c) and (d). Therefore, the *Gutter* decision is inapplicable to this case, because § 88.87 does

not include a statute of limitations; it only includes a procedural notice of claim of requirement.

The Town of Spring Green is correct in concluding that the statute does not set out a statutory period during which a claimant may bring an action for inverse condemnation or sue for other equitable relief; however, that does not require us to interpret the three-year period as a substantive statute of limitations.

### CONCLUSION

We conclude that both the pre-amendment and post-amendment versions of § 88.87(2)(c), STATS., contain notice of claim requirements and are not statutes of limitation. Paragraph 2(c) does not limit the time in which a suit must be filed. It only sets forth the time period in which notice must be given for the claimant to preserve his or her right to proceed. We therefore reverse and remand to the trial court to decide the remaining issues.

*By the Court.*—Judgment reversed and cause remanded.