STATE of Wisconsin, Plaintiff-Respondent,

v.

Kim B. SIMMELINK, Defendant-Appellant.

Court of Appeals

*No. 2013AP2491–CR. Submitted on briefs June 26, 2014. —Decided September 3, 2014.*

2014 WI App 102

(Also reported in 855 N.W.2d 437.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher M. Eippert* of *Holden & Hahn, S.C.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. GUNDRUM, J. Prosecution for a felony generally must be commenced within six years following the commission of the crime. *See* WIS. STAT. § 939.74(1)

(2011–12).[1] Section 939.74(2)(b) creates an exception that allows for prosecution of certain misappropriation offenses beyond six years if the action is commenced "within one year after discovery of the loss by the aggrieved party" but no later than eleven years after commission of the offense. Section 939.74 provides in relevant part:

> **Time limitations on prosecutions. (1)** Except as provided in sub[]. (2) . . ., prosecution for a felony must be commenced within 6 years . . . after the commission thereof . . . .
>
> **(2)** Notwithstanding that the time limitation under sub. (1) has expired:
>
> . . . .
>
> (b) A prosecution for theft against one who obtained possession of the property lawfully and subsequently misappropriated it may be commenced within one year after discovery of the loss by the aggrieved party, but in no case shall this provision extend the time limitation in sub. (1) by more than 5 years.

¶ 2. Despite the plain language of WIS. STAT. § 939.74(2)(b) that a prosecution may be commenced within one year after "discovery" of the loss, Simmelink asks us to read this provision as "imposing" the additional "requirement" that the aggrieved party must "exercise reasonable diligence in discovering the theft or loss." More to Simmelink's ultimate point, he asks us to read § 939.74(2)(b) so as to start the one-year clock ticking when the aggrieved party discovers *or with the exercise of reasonable diligence should have discovered* the loss. We decline to read such language into the statute and affirm.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## Background

¶ 3. In 2006, the village of Oostburg and the Sheboygan county sheriff's department began investigating Simmelink, the village's then-clerk/treasurer, for embezzlement of village funds. The investigation led to Simmelink being charged in October 2007 with six counts of theft from a business setting and three counts of forgery. Simmelink pled no contest to and was convicted and sentenced on two counts of theft and two counts of forgery, with the other charges dismissed and read in.

¶ 4. On December 21, 2011, a new clerk/treasurer for the village located records related to other losses by the village and associated with Simmelink. The clerk/treasurer provided the records to the sheriff's department, which ultimately resulted in the State initiating this new criminal action on April 9, 2012, and the current charges against Simmelink for committing twenty-six additional felony thefts in a business setting between April 12, 2001, and October 22, 2003. Simmelink moved to dismiss the charges on the ground that the prosecution was time-barred by the standard six-year statute of limitations. The circuit court denied the motion, and the case was tried to the court on stipulated facts. The court found Simmelink guilty on all counts. Simmelink appeals. Additional facts are included as necessary.

## Discussion

¶ 5. This case turns on the meaning of the word "discovery" in WIS. STAT. § 939.74(2)(b). The interpretation of a statute is a question of law we review de novo.

*State v. Polashek*, 2002 WI 74, ¶ 17, 253 Wis. 2d 527, 646 N.W.2d 330. Our ultimate goal is to determine and give effect to the intent of the legislature. *Id.*, ¶ 18. "In determining legislative intent, we must first look to the statute's language. If the meaning is clear on its face, we will not look outside the statute in applying it." *State v. Badzmierowski*, 171 Wis. 2d 260, 263, 490 N.W.2d 784 (Ct. App. 1992).

¶ 6. The charges filed by the State allege that Simmelink committed the twenty-six thefts at issue between April 12, 2001, and October 22, 2003. The State asserts that the "discovery" of the losses associated with those thefts was made on December 21, 2011, when the village's new clerk/treasurer located records related to the losses. Thus, the State argues, its April 9, 2012 filing of the complaint falls within one year of the discovery of the losses and within the eleven-year maximum time period from the date the first offense was committed.

¶ 7. Simmelink does not dispute that the losses at issue were actually discovered on December 21, 2011. Rather, he contends Wis. Stat. § 939.74(2)(b) imposes a requirement on the aggrieved party to "exercise reasonable diligence in discovering the theft or loss" and thus the one-year extension period begins to run when the aggrieved party discovers *or with the exercise of reasonable diligence should have discovered* the loss. From this he argues that the limitation period on each of the twenty-six charges had run by the time the State filed those charges in 2012 because either the village or law enforcement should have discovered the 2001–03 losses no later than during the 2006–07 investigation. Because we conclude the one-year extension period in § 939.74(2)(b) begins to run only when the aggrieved party actually discovers the loss, not when it should

434

have discovered the loss, we need not and do not address Simmelink's argument that the village or law enforcement should have discovered the losses in 2006–07.[2] *See State v. Manuel*, 2005 WI 75, ¶ 25 n.4, 281 Wis. 2d 554, 697 N.W.2d 811 (only dispositive issues need be addressed).

¶ 8. Simmelink points out that in *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 558, 335 N.W.2d 578 (1983), our supreme court adopted the "discovery rule" for determining when civil tort claims accrue. Under this rule, claims accrue "on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first." *Id.* at 560. Simmelink emphasizes that the "should be discovered" requirement also has been adopted for cases involving the civil fraud statute of limitations, WIS. STAT. § 893.93(1)(b). *See Doe v. Archdiocese of Milwaukee*, 2007 WI 95, ¶¶ 51, 64, 303 Wis. 2d 34, 734 N.W.2d 827; *Milwaukee W. Bank v. Lienemann*, 15 Wis. 2d 61, 64, 112 N.W.2d 190 (1961); *Stroh Die Casting Co. v. Monsanto Co.*, 177 Wis. 2d 91, 117–18, 502 N.W.2d 132 (Ct. App. 1993).

¶ 9. WISCONSIN STAT. § 893.93(1)(b) reads in relevant part:

> **Miscellaneous actions. (1)** The following actions shall be commenced within 6 years after the cause of action accrues or be barred:

---

[2] Simmelink also contends the term "the aggrieved party" in WIS. STAT. § 939.74(2)(b) refers to both the victim, here the village, and law enforcement, and that either the village, law enforcement, or both "should have discovered" the village's losses during the 2006–07 investigation. The State contends "the aggrieved party" refers only to the victim. Because we decide herein that there is no "should have discovered" requirement within § 939.74(2)(b), we need not decide this dispute. *See State v. Manuel*, 2005 WI 75, ¶ 25 n.4, 281 Wis. 2d 554, 697 N.W.2d 811.

. . . .

> (b) An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud.

As Simmelink correctly notes, like WIS. STAT. § 939.74(2)(b), § 893.93(1)(b) also uses the term "discovery"; yet our supreme court has interpreted this civil statute to mean when the facts constituting the fraud were discovered *or in the exercise of reasonable diligence should have been discovered. See, e.g., Archdiocese of Milwaukee*, 303 Wis. 2d 34, ¶ 64. He asks us to interpret the term "discovery" in the criminal misappropriation context in the same way our supreme court has interpreted it in the civil fraud context. While acknowledging "there is nothing within [the criminal misappropriation statute of limitation, § 939.74(2)(b)] that specifically states that there must be reasonable diligence exercised in discovery in [sic] the misappropriation," Simmelink asks us to nonetheless essentially disregard what § 939.74(2)(b) *does specifically state* and, to use the State's term, "engraft" a "reasonably should have been discovered" requirement onto § 939.74(2)(b). We decline to do so.

¶ 10. We first consider the legislature's chosen term in WIS. STAT. § 939.74(2)(b)—"discovery." Simmelink contends the term is ambiguous, asserting that it could mean either the actual discovery of something or when something reasonably should have been discovered. This is searching for ambiguity where none exists. We agree with the State's observation that "[t]here is nothing [in § 939.74(2)(b)] to suggest that a prosecution for misappropriation must be commenced within one year after the loss could have been discov-

ered by diligent inquiry." Rather, the language is plain, "after discovery of the loss" means after the loss was in fact discovered; it does not mean after the loss could have been discovered if reasonable diligence had been exercised. *See* BLACK'S LAW DICTIONARY 564 (10th ed. 2014) ("discovery" means "[t]he act or process of finding or learning something that was previously unknown," for example, "after making the discovery, the inventor immediately applied for a patent"); WEBSTER'S THIRD NEW INT'L DICTIONARY 647 (1993) ("discovery" means "the act, process, or an instance of gaining knowledge of or ascertaining the existence of something previously unknown or unrecognized," for example, "the discovery of a new chemical element"; "his discovery of a strange tribe of pygmies"). Reading the phrase "after discovery of the loss" to also mean "after the loss reasonably should have been discovered," would be effectively rewriting the statute, which is the job of the legislature, not the courts. *See State v. Briggs*, 214 Wis. 2d 281, 288, 571 N.W.2d 881 (Ct. App. 1997).

██

¶ 11. If the legislature intended the one-year extension period to be triggered not only if a loss is discovered but also if it "should have been discovered," one would expect the legislature at some point would have written such language into the statute. *See, e.g.,* WIS. STAT. § 893.55(1m) (requiring commencement of an action against a health care provider "within the later of: (a) Three years from the date of the injury, or (b) One year *from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered,*" but not later than five years following the act or omission (emphasis added)); *see also* WIS. STAT. §§ 402.725(2), 411.506(2), 893.51(2), 893.80(1p). The legislature, however, has not done so, and "[w]e should

not read into the statute language that the legislature did not put in." *State v. Matasek*, 2014 WI 27, ¶ 20, 353 Wis. 2d 601, 846 N.W.2d 811 (quoting *Brauneis v. LIRC*, 2000 WI 69, ¶ 27, 236 Wis. 2d 27, 612 N.W.2d 635). Thus, we decline to rewrite Wis. Stat. § 939.74(2)(b) to add words or requirements which the legislature itself did not choose to include.

¶ 12. While Simmelink cites to cases from other states where courts have read a "should have discovered" requirement into criminal statutes of limitations that only used the term "discovery,"[3] we are instead in agreement with the decision of the Georgia Court of Appeals in *Beasley v. State*, 536 S.E.2d 825 (Ga. Ct. App. 2000), which maintained fidelity to the plain statutory language at issue there. In *Beasley*, a Georgia statutory provision tolled the relevant statute of limitations during any period in which the "person committing the crime [was] unknown." *Id.* at 826. Indicted for burglary, Beasley argued that the State should have been charged with knowledge of his identity at an earlier date, which would have barred the prosecution on statute of limitations grounds, because the State had in its possession at that time a fingerprint from the crime scene. *Id.* He contended that if the State had exercised reasonable diligence it would have analyzed the fingerprint sooner than it did and thereby discovered his identity earlier. *Id.* at 826–27. The court of appeals rejected Beasley's urging that it interpret the tolling provision "as applying a constructive knowledge or 'should have known' standard," and emphasized that the provision "states that the statute of limitation does not run while the person who committed the crime is 'unknown'—it does

---

[3] Simmelink cites to *State v. Wilson*, 573 N.W.2d 248 (Iowa 1998), *People v. Zamora*, 557 P.2d 75 (Cal. 1976), and *People v. Cito*, 310 P.3d 256 (Colo. App. 2012).

not say 'and could not have been discovered through the exercise of reasonable diligence.' " *Id.* at 827. After discussing problems that could result from a constructive knowledge test, the court added:

> Clearly, it is within the legislature's authority to set forth the period in which a prosecution may be brought, as well as to prescribe the conditions under which that period will be tolled. In providing that the limitation period is tolled by the State's lack of knowledge, the legislature was free to adopt either an actual or a constructive knowledge standard. In light of its use of the word "unknown" instead of "unknowable" or some variant thereof, as well as the difficulties arising from a constructive knowledge standard, we believe that the legislature intended the word "unknown" to refer to lack of actual knowledge.

*Id.* at 828. Similarly, our legislature chose the term "discovery," as opposed to "discoverable" or "some variant thereof" and did not otherwise include a "should have discovered"-type phrase. Like the *Beasley* court, we defer to our legislature's singular word choice— "discovery."

¶ 13. As previously stated, our supreme court has read a "should have been discovered" requirement into the term "discovery" in the civil fraud statute of limitations, Wis. Stat. § 893.93(1)(b). *See, e.g., Archdiocese of Milwaukee*, 303 Wis. 2d 34, ¶¶ 51, 64. In light of the significant difference between the statutory schemes of Wis. Stat. §§ 939.74(2)(b) and 893.93(1)(b), we decline to diverge from the plain meaning of "discovery" and read a "should have been discovered" requirement into § 939.74(2)(b).

¶ 14. Under Wis. Stat. § 893.93(1)(b), there is no clearly delineated end point for when an action may be initiated; rather, the cause of action does not accrue

439

until the facts constituting the fraud have been discovered (or, based upon our supreme court's interpretation, should have been discovered), whenever that may be, and only then must the action be brought within six years. Thus, a civil claim involving fraud could be filed decades after the wrongful acts or injury actually occurred.[4] *See, e.g., Archdiocese of Milwaukee,* 303 Wis. 2d 34, ¶¶ 9, 63. Because of the open-ended nature of this limitation period in the civil context, the supreme court could more understandably read into the statute a "should have discovered" requirement. *See, e.g., id.,* ¶ 64; *Lienemann,* 15 Wis. 2d at 65; *Stroh Die Casting Co.,* 177 Wis. 2d at 117–18. Such a requirement tempers the open-ended nature of the civil statute and thereby encourages the prompt and diligent investigation of potential wrongdoing, prevents the prosecution of stale claims and reliance upon stale evidence, and protects defendants who otherwise may have lost defenses to the claims due to failing memories or missing witnesses. *See John v. State,* 96 Wis. 2d 183, 194, 291 N.W.2d 502 (1980) (discussing the purposes of statutes of limitations).

¶ 15. The legislature, however, wrote WIS. STAT. § 939.74 differently, incorporating within the statute a clearly delineated end point for initiating a criminal action—eleven years. Thus, unlike the open-ended nature of the civil statute, under § 939.74, if a loss is not discovered until after eleven years from the commission of the offense, no action may be pursued. The legislature also specifically limited the extension for commencement of a criminal action beyond the initial

---

[4] In WIS. STAT. § 893.93(1)(b), what must be "discovered" are "the facts constituting the fraud." As the State points out, discovery of such facts may not occur "for another lengthy period after the loss itself [is] discovered."

six-year period to *one year* after discovery of the loss (whether or not all the facts constituting the misappropriation are known). In the civil fraud context, however, an action may be commenced up to *six years* after "discovery" of the facts constituting the fraud, regardless of when that discovery occurs.

¶ 16. Thus, the legislature chose a substantially different statutory scheme for the criminal misappropriation context than the civil fraud context, and, in doing so, itself tempered the criminal misappropriation limitation period. We will not attempt to "improve" on the legislature's balancing of policy considerations by reading into the statute "should have discovered" language for which the legislature itself did not provide.

## Conclusion

■

¶ 17. For the foregoing reasons, we hold that the one-year statute of limitations extension in WIS. STAT. § 939.74(2)(b) begins to run when a loss is discovered by the aggrieved party, not when the loss reasonably should have been discovered. Simmelink does not dispute that, based upon this interpretation, the losses at issue in this case were discovered on December 21, 2011. Accordingly, the one-year extension period began to run on that date. Because the State initiated this criminal action against Simmelink on April 9, 2012, which is within that one-year period and prior to the running of the overall eleven-year limitation period from when Simmelink committed the offenses, the action is not barred by the statute of limitations.

*By the Court.*—Judgment affirmed.